AO 245D (Rev. 02/18)   Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

## District of Massachusetts

UNITED STATES OF AMERICA

v.

JOSEPH KENNEDY

**Judgment in a Criminal Case**
(For **Revocation** of Probation or Supervised Release)

Case No.   **1: 14 CR 10191   - 01   - DPW**

USM No. 94312-038

Oscar Cruz, Jr.
_____
Defendant's Attorney

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s) ___1, III, IV___ of the term of supervision.

☐ was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| I | Failure to participate in substance abuse program & testing | 03/04/2021 |
| III | Failure to remain employed | 06/14/2021 |
| IV | Failure to report to probation as directed | 03/02/2021 |
| | | |

The defendant is sentenced as provided in pages 2 through ___4___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has not violated condition(s) ___II___ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: ___0969___

Defendant's Year of Birth: ___1986___

City and State of Defendant's Residence:
Boston, MA

06/21/2021
_____
Date of Imposition of Judgment

/s/ Douglas P. Woodlock
_____
Signature of Judge

Douglas P. Woodlock, U.S. District Court
_____
Name and Title of Judge

06/21/2021
_____
Date

AO 245D (Rev. 02/18)    Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page ___2___ of ___4___

DEFENDANT:  JOSEPH KENNEDY
CASE NUMBER:  1:  14  CR  10191   -  01   -  DPW

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

sixty (60) days.

☐   The court makes the following recommendations to the Bureau of Prisons:

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at   _____   ☐  a.m.   ☐  p.m.   on   _____ .

☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on   _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on   _____   to   _____

at   _____   with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By   _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 02/18)    Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page _____ of ___4___

DEFENDANT:  JOSEPH KENNEDY
CASE NUMBER:  **1:** **14** **CR** **10191** **-** **01** **-** **DPW**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

thirty-four (34) months.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (Rev. 02/18)    Judgment in a Criminal Case for Revocations
                        Sheet 3A — Supervised Release

Judgment—Page    3    of    4

DEFENDANT:  JOSEPH KENNEDY
CASE NUMBER:  1:  14  CR  10191   -  01   -  DPW

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature  _____    Date  _____

AO 245D (Rev. 02/18)   Judgment in a Criminal Case for Revocations
Sheet 3B — Supervised Release

Judgment—Page    4    of    4

DEFENDANT:  JOSEPH KENNEDY
CASE NUMBER:  1:  14  CR  10191  -  01  -  DPW

## ADDITIONAL SUPERVISED RELEASE TERMS

14)  Upon release from custody, the defendant shall reside in a therapeutic/residential/sober setting for the first 12 months of supervised release. The defendant shall follow the rules and regulations of the program.

15)  During the first year of supervised release, defendant shall be subject to a curfew. Defendant shall be required to be home between the hours of 9:00 P.M. and 7:00 A.M. each day. The curfew will be enforced by electronic monitoring. The probation office will have the authority to relax the curfew for legitimate purposes of employment, education, medical appointment, medical emergencies or religious reasons.

16)  The defendant is to participate in a program for substance abuse counseling as directed by the Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third-party payment.

17)  The defendant is to participate in a mental health treatment program as directed by the Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third- party payment.

18)  The defendant shall use his true name and is prohibited from the use of any false identifying information which includes, but is not limited to, any aliases, false dates of birth, false social security numbers and incorrect places of birth.

19)  The defendant shall not consume any alcoholic beverages.

20)  The defendant shall participate in a Cognitive Behavioral Program.